

IN THE UNITED STATES BANKRUPTCY COURT    JUL 2 1 2020

FOR THE DISTRICT OF SOUTH CAROLINA    United States Bankruptcy Court
Columbia, South Carolina

Case Number: 19-02764-jw

**ADVERSARY PROCEEDING NO.: 19-80101-jw**

**ORDER GRANTING SUMMARY JUDGMENT AS TO ANSWERING DEFENDANTS**

The relief set forth on the following pages, for a total of 17 pages including this page, is hereby **ORDERED.**

_____    7/21/20
John E. Waites                      Date
U.S. Bankruptcy Court Judge
District of South Carolina

1

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In Re:<br><br>Sand Castle South Timeshare Owners Association, Inc.,<br><br>Debtor.<br><br>Sand Castle South Timeshare Owners Association, Inc.<br><br>Plaintiff<br><br>vs.<br><br>Earl Hanvey, Jr., *et al.*[1]<br><br>Defendants. | Case No. 19-02764-jw<br><br>Chapter 11<br><br>Adversary Proceeding No. 19-80101-jw<br><br><br>**ORDER GRANTING SUMMARY JUDGMENT AS TO ANSWERING DEFENDANTS** |

This matter is before the Court upon the motion of Plaintiff Sand Castle South Timeshare Owners Association, Inc. (the "**Association**") for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, made applicable herein by Rule 7056 of the Federal Rules of Bankruptcy Procedure, as to the following defendants (collectively, the "**Defendants**"), who are the only defendants who filed an answer or other response in this adversary proceeding: Samantha Cooley, Erica Everette, Linda Graham, M. Shekastehband, MHS and Associates, LLC, Brian McCann, John W. Johnson, Larry Lee Jr., David S. Shaw and Mildred M. Shaw, Benjamin R.

---

[1] Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, made applicable herein by Rule 7010 of the Federal Rules of Bankruptcy Procedure, Plaintiff Sand Castle South Timeshare Owners Association, Inc. is naming the first defendant in this caption, rather than listing all defendants, who number over 800 names and otherwise comprise a caption of over 7 pages.

Carroll and Ted von Keller, as Guardian ad Litem (the "**Guardian ad Litem**") for the John Doe, Richard Roe and Steven Stoe designated classes of unknown defendants. The Association seeks summary judgment as to all of the causes of action in the Complaint as to all of the Defendants except the Guardian ad Litem, and summary judgment as to all causes of action in the Amended Complaint as to the Guardian ad Litem.

As a preliminary matter, it is noted that none of the answers or responses of the Defendants contests the relief sought by the Association in the Complaint or in the Amended Complaint, and several expressly state support for the sale the Association proposes by the relief it seeks. All of the answers and responses were filed *pro se*, except for that of the Guardian ad Litem, who is an attorney. The Defendants raise no issues of fact or law. There is no material issue of fact and the Association is entitled to judgment as a matter of law.

The Association's motion is supported by the Affidavit of Herbert H. Patrick In Support of Motion for Summary Judgment as to Answering Defendants (the "**Patrick Affidavit**") which is filed with the motion. No objections or responses to the motion for summary judgment were filed within the prescribed time.

Based upon the motion, the Patrick Affidavit, the filed pleadings, and other filings made in this adversary proceeding and of record in this case, the Court finds and concludes as follows:

## FACTS

### A. Background

1.  The Association filed for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 101, *et al.*, the "**Bankruptcy Code**") on May 22, 2019, and it is in possession of its assets and managing its estate as the debtor-in-possession in this case pursuant to 11 U.S.C. § 1107.

2.   On December 16, 2019, the Association filed its Complaint (the "**Complaint**") commencing this adversary proceeding. The Complaint seeks relief to enable the Association to sell the 39 condominiums[2] (the "**Condominiums**") that were in the timeshare plan (the "**Timeshare Plan**") created by the Master Deed for Sand Castle South Horizontal Property Regime filed on June 16, 2006 and recorded in Deed Book 3114 at Page 478, *et seq.*, in the Office of the Register of Deeds for Horry County, South Carolina ("**Horry County ROD**"), and that certain Supplemental Declaration for the Sand Castle South Timeshare Ownership Plan (the "**Timeshare Plan Declaration**") filed on June 22, 2007 and recorded in Deed Book 3255 at Page 567, *et seq.* in the Horry County ROD. The Timeshare Plan Declaration and the Timeshare Plan were terminated pursuant to the Termination of Supplemental Declaration for the Sand Castle South Timeshare Ownership Plan filed on October 18, 2019 and recorded in Deed Book 4253 at Page 599 in the Horry County ROD.

3.   In the Complaint, the Association alleges causes of action for partition by sale, for sale of co-owned property under 11 U.S.C. § 363(h), for setoff of amounts owed to it by owners who are delinquent in payment to the Association ("**Delinquent Owners**") against sale proceeds that might otherwise go to the Delinquent Owners, and for abandonment and quiet title.

4.   The defendants named in the Complaint are the former timeshare owners of record under the Sand Castle South Timeshare Plan, who, following termination of the Timeshare Plan, are now the owners of interests in the Condominiums as tenants in common.

---

[2] At the filing of the Complaint the Association believed that there were 40 condominiums under the plan. However, during the course of arranging a proposed sale of the condominiums, the Association discovered that only 39 units are included in the Timeshare Plan. The legal description of the condominium units transferred into the Timeshare Plan by the timeshare developer includes 40 listed units; however, it has been determined that condominium unit 1102 was sold and conveyed by the developer to an individual buyer prior to the establishment of the Timeshare Plan.

4

5. On March 16, 2020 the Court entered the <u>Order Granting Default Judgment Against the Non-Responding Defendants</u> in this adversary proceeding, granting the Association default judgment as to the defendants identified in <u>Exhibit A</u> to such Order.

6. On March 16, 2020, the Court also entered the <u>Order Granting Leave to Amend Complaint to Add John Doe, Richard Roe and Steven Stoe Designated Classes of Defendants</u>. On March 17, 2020 the Association filed the <u>Amended Complaint</u> (the "**Amended Complaint**"), in which designated classes of unknown persons were added: the "**John Doe Defendants**," comprised of any and all heirs and assigns of the defendants named in the Complaint, and any other transferees of such defendants' interest which are not of record with the Association, including any person who may be in the military service of the United States of America; the "**Richard Roe Defendants**," comprised of any unknown minors or persons under disability, including incompetent persons; and the "**Steven Stoe Defendants**," comprised of any spouses, former spouses, relationship partners and family members of any named defendant who believes that he or she owns an interest in the Condominiums, such as a co-interest with a named defendant, including any person who may be in the military service of the United States of America. Collectively, the John Doe Defendants, the Richard Roe Defendants and the Steven Stoe Defendants are hereinafter referred to as the "**John Doe, Richard Roe and Steven Stoe Defendants**." The Amended Complaint added a cause of action seeking the Court's declaration that the relief granted under the first four causes of action also applies to the John Doe, Richard Roe and Steven Stoe Defendants.

7. Pursuant to the <u>Order Granting Authorization of Service by Publication Upon Defendants Whose Mail Service Was Returned Undeliverable, and Upon John Doe, Richard Roe and Steven Stoe Designated Classes of Defendants</u> entered on March 16, 2020, the Court

authorized the Association to serve (a) defendants named in the Complaint as to whom service was returned undeliverable by the United States Postal Service, identified in Exhibit A to such Order (the "**Returned Mail Defendants**"), and (b) the John Doe, Richard Roe and Steven Stoe Defendants, by publication.

8. In conjunction with the service of the Amended Complaint and the Summons issued for it on the John Doe, Richard Roe and Steven Stoe Defendants, the Association filed a motion for the appointment of a guardian ad litem for these classes of defendants. On April 15, 2020, the Court entered the Order Appointing Theodore von Keller Guardian Ad Litem for the John Doe, Richard Roe and Steven Stoe Designated Classes of Defendants. Pursuant to this Order, Theodore von Keller is the Guardian ad Litem for the John Doe, Richard Roe and Steven Stoe Defendants classes.

9. Service by publication was made by use of The Sun News, a newspaper in Myrtle Beach, South Carolina, where the property is located. The 30-day period for responding to the Amended Complaint, pursuant to such service by publication, began on April 10, 2020 and expired on May 10, 2020.

10. The only answers or responses filed, or received by the Association or its attorney, to the Complaint and/or the Amended Complaint were those of the Defendants.

### B. The Answers and Responses Filed

11. The response of Samantha Cooley states merely that, "This property/timeshare was released due to personal bankruptcy (chapter 13) filed November 30, 2010, Case No. 10-11718. Please remove me from this case." It neither raises any defense nor contests the relief sought.

12. The response of Erica Everette does not dispute any allegations of the Complaint or contest the relief sought. It states Ms. Everette's thought that her ownership interest had been forfeited for non-payment.

13. The response of Linda M. Graham, for herself and her deceased husband, Benny Graham, expressly states her support for the relief sought in the Complaint.

14. The response of M. Shekastehband, MHS and Associates, LLC states that it should be shown as current in payments as of the date of the filing of this bankruptcy case, termed in the Complaint as an "Active Owner," and does not otherwise address the allegations of the Complaint. It does not contest the relief sought in the Complaint. The Association advises the Court that it has corrected its records to show M. Shekastehband, MHS and Associates, LLC as an Active Owner.

15. The response of Brian McCann states that Mr. McCann has not abandoned his "right, title and/or interest in the Property." It further states, "Please proceed with the sale outlined in the case with any additional proceeds after expenses, fees and set offs returned to me."

16. The response of John W. Johnson states that Mr. Johnson no longer owns the timeshare interest he previously owned, and provides a copy of his deed of his unit to Sand Castle South Condo, LLC. This response does not address the allegations of the Complaint, or contest the relief sought in the Complaint.

17. The response of Larry Lee Jr. does not address the allegations of the Complaint, or contest the relief sought in the Complaint. The response confirms Mr. Lee's ownership interest and current status in payments to the Association, and states that Mr. Lee would like to reserve his right to recover any proceeds received from the sale of the property.

18. The response of David S. Shaw and Mildred M. Shaw does not address the allegations of the Complaint, or contest the relief sought in the Complaint. Instead, the response explains that Mr. and Mrs. Shaw sold their units to Legacy Adventures, Inc. and have no further interest in the property.

19. The Answer filed by Benjamin R. Carroll denies that he is delinquent in payments to the Association, it seeks a determination that he is an Active Owner, and it requests "Such other and further relief as the Court deems just and appropriate." However, the Answer does not contest the relief sought or dispute the grounds for the relief. The Association advises the Court that it has corrected its records to show Mr. Carroll as an Active Owner.

20. The Answer filed by the Guardian Ad Litem is a protective filing, and does not actually dispute the allegations of the Amended Complaint, or contest the relief sought in the Amended Complaint. The Answer includes a general denial and then states that, "the John Doe, Richard Roe and Steven Stoe classes lack sufficient information at this time to make a determination as to the other allegations set forth in the Complaint and therefore hereby denies [*sic.*] all such allegations." The Answer requests in its prayer for relief that, "the Court inquire unto the matters set forth herein, determine and protect the priorities of the parties, and for such other and further relief as may be just and proper."

21. As set forth above, none of the responses or Answers contests or opposes the relief sought in the Complaint or the Amended Complaint, except for two seeking corrected designation as Active Owners instead of Delinquent Owners, which correction the Association has made.

## LEGAL ANALYSIS

### A. Standard for Summary Judgment

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "The court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When a motion for summary judgment is filed, the Court does not weigh the evidence, but determines if there is a genuine issue for trial. *T 2 Green, LLC v. Abercrombie, et al. (In re T 2 Green, LLC)*, 363 B.R. 753, 763 (Bankr. D.S.C. 2006); and *Listak v. Cetennial Life Insurance Company*, 977 F.Supp.739, 743 (D.S.C. 1977). In this adversary proceeding, the Defendants have not asserted or raised any genuine issues for trial. Indeed, as noted, the filed responses and Answers do not oppose, and some support, the relief sought in the Complaint and in the Amended Complaint.

The Patrick Affidavit states the facts supporting the grant of judgment for the Association on its causes of action. In addition, Rule 8(b)(6) of the Federal Rules of Civil Procedure, made applicable herein by Rule 7008 of the Federal Rules of Bankruptcy Procedure, provides that an allegation in the complaint, other than one relating to the amount of damages, is admitted if not denied in the responsive pleading. As set forth below, summary judgment is proper and should be granted in favor of the Association.

### B. The Relief Sought in the Complaint and in the Amended Complaint

The Association alleges causes of action for partition of the Condominiums by sale, for a sale of the Condominiums under 11 U.S.C. § 363(h), for setoff of amounts owed to it by Delinquent Owners against sale proceeds that might otherwise be paid to the Delinquent Owners, and for abandonment and quiet title. The Amended Complaint adds a fifth cause of action seeking the Court's declaration that the relief granted in the first four causes of action also applies to the John Doe, Richard Roe and Steven Stoe Defendants. The Defendants do not contest these causes of action, and all of the Defendants except for the Guardian ad Litem do not dispute the facts alleged in the Complaint and Amended Complaint supporting the Association's claims. The Guardian ad

9

Litem's general denial is a protective filing, and the Patrick Affidavit establishes the facts supporting the relief sought by the Association in the Amended Complaint. Furthermore, none of the Defendants filed an objection or response in opposition to the Association's motion for summary judgment.

The relief sought in the Complaint and in the Amended Complaint is proper and should be granted. The Association is entitled to entry of summary judgment as to the Defendants.

### 1. <u>Action for Partition by Sale</u>

The Condominiums are presently owned by the former timeshare owners as tenants in common. *See* S.C. Code Ann. § 27-32-520(C), (D) and (F) (referencing former timeshare owners, after termination of the timeshare plan, as "tenants in common"). All joint tenants and tenants in common who hold, jointly or in common, for a term of life or years ownership in any lands, tenements or hereditaments may be compelled to make severance and partition of such lands, tenements or hereditaments. S.C. Code Ann. § 15-61-10(a). *See also Fesmire v. Digh*, <u>385 S.C. 296</u>, <u>683 S.E.2d 803</u> (Ct. App. 2009)(partition and accounting was a proper remedy for dispute over ownership of condominium property). In this case, the Court may order the partition sale of the ownership interests of the former timeshare owners, as tenants in common, so that the Condominiums may be sold. S.C. Code Ann. § 27-32-520 provides for a partition by sale of the property following termination of the timeshare plan. *See* S.C. Code Ann. § 27-32-520(C) and (E). Partition by sale is necessary for the Condominiums to be sold. *See* Patrick Affidavit, Paragraphs 13 and 14.

As stated above, none of the Defendants contest the partition sale of the Condominiums or dispute the facts supporting the partition sale in their responses and answers to the Complaint and the Amended Complaint. Accordingly, judgment for the Association for the partition by sale of

the Condominiums is proper.

### 2. Sale Under 11 U.S.C. § 363(h)

In addition to an order of the Court for partition by sale being appropriate, an order for the sale of the Condominiums as co-owned property is proper under 11 U.S.C. § 363(h). Pursuant to this section, the Association, as debtor-in-possession, may sell both the interest owned by the Association's estate, under 11 U.S.C. § 363(b), and the interest of any co-owner in the Condominiums in which the Association held as of the commencement of the case an undivided interest as a tenant in common or joint tenant, only if –

1. Partition in kind of such property among the estate and the co-owners is impracticable;

2. Sale of the estate's undivided interest in the property would realize significantly less for the estate than sale of the property free of the interests of such co-owners;

3. The benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

4. Such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

11 U.S.C. § 363(h).

In this case, as stated in the Patrick Affidavit, in the Association's filed Schedule A/B 55.1, and in both the Complaint and the Amended Complaint, at the commencement of this case, the Association owned an interest in the Condominiums. By this ownership interest, the Association was, and is, a co-owner with other timeshare owners. The Defendants are co-owners of interests in the Condominiums with the Association.

With regard to the requirements for a sale of the Condominiums free of the Defendants'

co-owner interests, the following facts exist:

1. Partition in kind is not practicable. A division cannot be fairly and equally made. The interests in the Condominiums were sold to the Defendants as timeshare units, and the Defendants received only a fractional ownership interest, which, as explained in the Patrick Affidavit, would be virtually impossible to sell given the current circumstances and condition of the Condominiums. The Timeshare Plan has been terminated, and the interval ownership rights no longer exist.

2. The Association is unable to market and sell its interest in the Condominiums without inclusion in the sale of the full ownership of the Condominiums. In this regard, it is noted that S.C. Code Ann. § 27-32-500, *et seq.*, the "Timeshare Termination Act," provides for sale by partition of the former condominiums, in recognition of the impracticability of a sale of less than full title to the property.

3. The benefit of the sale to the Association far outweighs any detriment to the Defendants by the sale. As it stands, without the sale, neither the Association nor the Defendants will realize any value for their interests in the Condominiums.

4. The Condominiums are not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

Therefore, judgment authorizing the Association to sell full ownership of the Condominiums, including the Association's ownership interest and the Defendants' ownership interests, pursuant to 11 U.S.C. § 363(h) is proper.

### 3. Setoff

The third cause of action seeks to setoff amounts owed to the Association by Delinquent Owners against sale proceeds that might otherwise be paid to the Delinquent Owners. "As a general rule in equity, as at law, it is essential to the establishment of a set off that the claims or debts be mutual, that is, they must subsist or be owing, between the same parties in the same right or capacity, and must be of the same kind or quality." *South Carolina National Bank v. Hammond*, 260 S.C. 622, 630, 198 S.E.2d 123, 127 (1973)(finding that setoff was not proper due to the lack of mutual debts between the parties). *See also Georgetown Steel Company, LLC and Cananwill, Inc. v. Capital City Insurance Company, Inc. (In re Georgetown Steel Company, LLC)*, 318 B.R. 313, 326, 329 (Bankr. D.S.C. 2004)(the claims or debts to be setoff under South Carolina law must be mutual). The requirements for setoff are met in this case.

In the Complaint and in the Amended Complaint, the Association alleges that it is entitled to set off any proceeds of the sale of the Condominiums it receives which would otherwise be due to the defendants who are delinquent in the payment of their maintenance fees to the Association, against the unpaid maintenance fees owed to it by the Delinquent Owners. The Association is owed unpaid maintenance fees by the Delinquent Owners, and the Association will pay these delinquent fees by set off of sale proceeds received by the Association which would otherwise be payable to the Delinquent Owners. None of the Defendants have disputed the propriety of the setoff.

Of the Defendants, Erica Everette, Brian McCann and Benjamin R. Carroll are identified in the Complaint and in the Amended Complaint as Delinquent Owners.[3] In addition, Samantha

---

[3] M. Shekastehband, MHS and Associates, LLC, is also identified as a Delinquent Owner in the Complaint; however, as set forth above, the Association recognizes that the designation was mistaken, and that he/it are an Active Owner. The Association has corrected its records with respect to M. Shekastehband MHS and Associates, LLC.

13

Cooley and John W. Johnson state that they no longer own the units for which they are listed. As to these Defendants (Ms. Everette, Mr. McCann, Mr. Carroll, Ms. Cooley and Mr. Johnson), judgment in favor of the Association for setoff is proper.

### 4. Abandonment and Quiet Title Action

The Association's fourth cause of action is for abandonment and quiet title. In it, the Association alleges that numerous named defendants identified and defined in the Complaint and in the Amended Complaint as Delinquent Owners cannot be located, and that by their conduct in failing to pay maintenance fees to the Association, in failing to participate in the affairs of the Association, and in failing to provide current addresses to the Association as required under Section 10.2 of the Association By-Laws, such Delinquent Owners have effectively abandoned their interests in the Condominiums.

The Association further alleges that the claims of any such Delinquent Owner, if any, in the Condominiums are adverse to the interests of the Association's bankruptcy estate and its creditors, and constitute a cloud upon title to the Condominiums which is adverse to the rights of all other co-owners, the Association and its estate. The Association seeks, by way of quiet title action, a judgment declaring (a) that any such Delinquent Owner is divested of and has forfeited all right, title and interest held in the Condominiums, and (b) any interests or rights these Delinquent Owners may claim in the Condominiums are extinguished.

"An action to quiet title to property is an action in equity." *Millvale Plantation, LLC v. Carrison Family Limited Partnership*, 401 S.C. 166, 173, 736 S.E.2d 286, 289 (Ct.App. 2012)(citing *Jones v. Leagan*, 384 S.C. 1, 10, 681 S.E.2d 6, 11 (Ct.App. 2009). In South Carolina, quiet title actions are governed by S.C. Code Ann. §§ 15-67-10, *et seq.* The plaintiff must have legal title and possession of the property, which property is subject to an actual or possible adverse

claim of another party. S.C. Code Ann. § 15-67-10; *Benson v. United Guaranty Residential Insurance of Iowa*, 315 S.C. 504, 445 S.E.2d 647 (Ct.App. 1994). The purpose of the quiet title action is to remove any cloud on title to the property. *Ayers v. Ackerman*, 324 F. Supp 814, 816 (D.S.C. 1971).

In this case, the Association owns a substantial number of the units (former timeshare units) in the property, the Condominiums. It is in possession of the Condominiums. The Association seeks to eliminate the potential cloud on title for a buyer of the Condominiums by claims of Delinquent Owners whose interests are sold by the partition sale, and as to whom the sale proceeds otherwise due to them has been paid to the Association by setoff of the amounts such Delinquent Owners owe to it. After the setoff, it appears likely that there will be no value for the Delinquent Owners. The Association maintains that they should not be allowed to cloud title with claims stemming from their abandoned rights.

Judgment in favor of the Association for its quiet title action, declaring that the Delinquent Owners' interests in the Condominiums are extinguished, is proper.

### 5. Declaration that the Relief Granted Also Applies to the John Doe, Richard Roe and Steven Stoe Defendants

The Amended Complaint includes a Fifth Cause of Action, seeking a declaration that the John Doe, Richard Roe and Steven Stoe designated classes of defendants are subject to the same relief as granted to the Association with respect to the other defendants. Although the Guardian ad Litem's general denial in his Answer would cover this alleged right to relief, the Guardian ad Litem does not make any assertions disputing the relief requested. Further, the Guardian ad Litem did not object to or oppose the Association's motion for summary judgment. The relief is appropriate. Judgment in favor of the Association on this requested relief is proper.

Therefore, based upon the above, it is

**ORDERED, ADJUDGED AND DECREED** that the Association's motion for summary judgment against Defendants Samantha Cooley, Erica Everette, Linda M. Graham, M. Shekastehband, MHS and Associates, LLC, Brian McCann, John W. Johnson, Larry Lee, Jr., David S. Shaw and Mildred M. Shaw, Benjamin R. Carroll and the John Doe, Richard Roe and Steven Stoe Defendants is hereby granted; and

**IT IS FURTHER ORDERED** hereby that the judgment granted to the Association is as follows:

A. The interests of the Defendants, including any interests of the John Doe, Richard Roe and Steven Stoe Defendants, in the Condominiums shall be partitioned by the sale of the Condominiums;

B. The sale of the interests of the Defendants in the Condominiums, including any interests of the John Doe, Richard Roe and Steven Stoe Defendants, is also authorized as the sale of co-owned property under 11 U.S.C. § 363(h);

C. The Association is granted judgment of setoff against Defendants Samantha Cooley, Erica Everette, Brian McCann, John W. Johnson, Benjamin R. Carroll, and against any of the John Doe, Richard Roe or Steven Roe Defendants who is a Delinquent Owner, by which the Association is authorized to retain and apply any sale proceeds otherwise due to the Delinquent Owners in payment and satisfaction of the indebtedness of the Delinquent Owners to the Association;

D. The interests of the John Doe, Richard Roe and Steven Stoe Defendants in the Condominiums are deemed abandoned and forfeited, and any interests or rights these Delinquent Defendants may claim in the Condominiums are extinguished;

E. The equity of redemption is hereby barred, and the proceeds of the sale of the Condominiums are to be applied in the following manner:

1. First to the costs and expenses of this action and the bankruptcy case;

2. Second, as payment to the Association for its share of the net proceeds representing its ownership interest in each of the units, for use in making payments to creditors of the Association;

3. Third, as payment to the Association of the portion of the sale proceeds that would be otherwise allocated to Delinquent Owners, pursuant to the Association's setoff rights against the Delinquent Owners, for the Association's use in making payments to its creditors;

4. Fourth, payment of the portion of the sale proceeds allocated to the Active Owners, as defined in the Complaint, to the Active Owners for their interests in the Condominiums; and

5. Lastly, the remainder of the proceeds from the sale of the Condominiums to be distributed by the Association pursuant to the terms of its confirmed Chapter 11 plan of liquidation, or by other order of this Court.

**AND IT IS SO ORDERED.**